IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JEFFREY HARTKE,** ) | FILED: MARCH 25, 2009 |
| ) | 09CV1845 |
| **Plaintiff,** ) | JUDGE NORDBERG |
| ) | MAGISTRATE JUDGE VALDEZ |
| v. ) | AO |
| ) | |
| **AEGIS RECEIVABLES MANAGEMENT INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

NOW COMES the Plaintiff, JEFFREY HARTKE, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, AEGIS RECEIVABLES MANAGEMENT INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JEFFREY HARTKE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Wirthtrop Harbor, County of Lake, State of Illinois.

5. AEGIS RECEIVABLES MANAGEMENT INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Illinois.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to American Express Bank.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

9. On or about February 10, 2009, Plaintiff received a telephone call on his cell phone from Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff to American Express Bank.

10. The alleged debt of Plaintiff was incurred for personal, family, or household services.

11. Plaintiff explained to Defendant that he is a truck driver, that he drives a truck during business hours, that it is dangerous for him to receive calls on his cell phone during business hours, and requested that Defendant not call Plaintiff on his cell phone during business hours.

12. Defendant ignored Plaintiff's request and continued to call him on his cell phone during business hours.

13. Furthermore, Defendant has repeatedly contacted Plaintiff three (3) to five (5) times per day.

14. On or about March 13, 2009, Defendant made a telephone call to Plaintiff's neighbors. Defendant stated that it was a debt collector representing American Express and inquired as to whether Plaintiff's neighbors had any telephone numbers that Defendant could use to contact Plaintiff.

15. On or about March 14, 2009, Defendant made a telephone call to Plaintiff's cell phone. Plaintiff's pre-teen daughter answered the telephone. Defendant asked for Plaintiff's location. Plaintiff's daughter explained that she was not aware of Plaintiff's location, that Plaintiff was not presently home, and she was unaware when Plaintiff would return home. Despite providing Defendant with the aforesaid information, Defendant incessantly inquired as to Plaintiff's location and when he would return home.

16. In its attempts to collect the debt allegedly owed by Plaintiff to American Express Bank, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

  a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

  b. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

  c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

  d. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

  e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

17. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

18.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JEFFREY HARTKE, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JEFFREY HARTKE**

**By:**    s/ David M. Marco
        Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028
Facsimile:  (888) 418-1277
E-Mail:    dmarco@smithlaw.us